BLUE, Acting Chief Judge.
Patricia Aeree appeals the final judgment entered for Ben’s Lawn Service, Inc., on her claim for personal injury. Because we conclude that the trial court erred by failing to grant Ms. Acree’s motion for a new trial as to damages, we reverse and remand for a new trial on damages only.
This case arises from a personal injury action following an automobile accident. Following a jury trial, the jury found that there was negligence on the part of Ben’s Lawn Service, Inc. (Ben’s) that caused loss, injury or damage to Ms. Aeree. The jury apportioned 13% liability to Ben’s and 87% to Ms. Aeree. The jury then awarded zero damages. Ms. Aeree moved for a new trial, arguing that a zero damages award was improper in light of the damages suffered due to the apportioned negligence of Ben’s. The trial court denied the motion and entered final judgment in favor of Ben’s.
A motion for a new trial is the proper method by which to challenge an inadequate verdict. See Cowen v. Thornton, 621 So.2d 684 (Fla. 2d DCA 1993). “Generally, a plaintiff cannot be awarded zero damages when he has suffered some damages from the negligence of the defendant.” Cowen, 621 So.2d at 687 (citations omitted). Because the jury clearly found that Ms. Aeree had suffered damages due to the negligence of Ben’s, the verdict of zero damages is inadequate. Because the jury’s decision on liability was not an issue on appeal, we reverse for a new trial on damages only.
Affirmed as to liability, reversed as to damages and remanded.
WHATLEY and SILBERMAN, JJ., Concur.